

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ERICSSON INC., | § | |
| | § | |
| Plaintiff-counterdefendant, | § | |
| | § | Civil Action No. 3:98-CV-2903-D |
| VS. | § | |
| | § | |
| HARRIS CORPORATION and | § | |
| HARRIS CANADA, INC., | § | |
| | § | |
| Defendants-counterplaintiffs- | § | |
| third-party plaintiffs, | § | |
| | § | |
| VS. | § | |
| | § | |
| TELEFONAKTIEBOLAGET L M | § | |
| ERICSSON and | § | |
| ERICSSON RADIO SYSTEMS AB, | § | |
| | § | |
| Third-party defendants. | § | |



## MEMORANDUM OPINION AND ORDER

Defendants Harris Corporation ("Harris") and Harris Canada, Inc. ("Harris Canada") (collectively, "Harris")[1] move to realign the parties and for leave to amend their answer to assert counterclaims and third-party claims. For the reasons that follow, the court grants Harris leave to amend its answer but denies Harris' motion to realign the parties.

---

[1] The court will refer to Harris and Harris Canada collectively as "Harris" unless the context otherwise requires.

47

I

Harris and Harris Canada purport to be assignees of four United States patents (the "Patents").[2] Harris has for some time asserted that plaintiff Ericsson Inc. ("Ericsson") is infringing the Patents. It sued Ericsson in the Eastern District of Virginia for patent infringement. That court transferred the case to this forum. Harris later dismissed the case voluntarily.

Ericsson then filed the instant action seeking a judicial declaration of non-infringement and patent invalidity. On the same day, Harris asserted its voluntarily-dismissed patent infringement claims as counterclaims in a lawsuit that was pending in the Eastern District of Texas.[3] Judge Brown dismissed Harris' counterclaims after finding that Harris had engaged in inequitable conduct in voluntarily dismissing its action in this court. The present case is now the only one pending that pertains to the parties' positions concerning the Patents.

II

The court grants Harris' motion to amend its answer. Harris seeks to assert by way of counterclaims that "Ericsson has infringed and is continuing to infringe, directly, contributorily, and/or by inducement," certain claims of the Patents "by making, using, offering to sell and/or selling in this District and elsewhere in the United States, without authorization, electronic devices and products containing electronic devices that embody the inventions claimed" in the Patents. *See* Mot. Ex. A at 5, 6, 7. Ericsson asserts that these electronic devices and products include certain mobile telephones and terminals and the transceiver subsystem of Ericsson base stations. *See id.* Ericsson

---

[2]Harris contends that it is the assignee of U.S. Patent Nos. 4,365,338, 4,599,732, and 4,674,111, and Harris Canada maintains that it is assignee of U.S. Patent No. 5,428,666.

[3]Ericsson and Telefonaktiebolaget L M Ericsson filed suit in November 1998 seeking to recover against Harris and a related defendant.

does not oppose allowing Harris to assert these counterclaims. *See* Resp. Mot. Join at 5, 8 n.2. The court therefore grants Harris' motion for leave to amend its answer to assert these counterclaims against Ericsson.

### III

Harris moves to amend its answer to assert third-party claims against Telefonaktiebolaget L M Ericsson ("LME") and Ericsson Radio Systems AB ("ERS").

Ericsson opposes this part of Harris' motion. It first asserts that Harris has acted in bad faith[4] because it has no evidentiary support for the third-party claims and has sought leave to assert the claims only so that it can pursue discovery against LME and ERS. The court disagrees. If granted leave to assert third-party claims, Harris would allege that LME and ERS have "infringed and [are] continuing to infringe, directly, contributorily, and/or by inducement" certain claims of the Patents. *See* Mot. Ex. B at 5, 6, 7, 8; *see also id.* at 3 (defining "Ericsson" to include LME and ERS). Harris alleges that LME and ERS are engaging in this unlawful activity by *inter alia* making electronic devices and products, including mobile telephones and terminals, that contain components that embody the inventions claimed in the Patents. *See* Mot. Ex. B. at 5, 6, 7, 8. In support of its motion for leave to amend, Harris has presented evidence indicating that LME and ERS manufacture public telecommunications systems, mobile cellular telephones, and other equipment. *See* Mot. Exs. E, F. Because these products are included in the types of electronic equipment that Harris alleges infringe the Patents, Harris has demonstrated that it has some factual support for asserting third-party claims against LME and ERS. This evidentiary support for Harris' recovery against these two prospective

---

[4]Although the policy of the federal rules is to permit liberal pleading and amendment, a court may deny such leave where the moving party has acted in bad faith. *See In re Southmark Corp.*, 88 F.3d 311, 314-15 (5th Cir. 1996).

parties indicates that Harris is not seeking to assert the third-party claims merely for tactical reasons. *Cf.* P. Ex. 8 at 1 (indicating that Harris desires to join LME and ERS to "insure that all Ericsson parties who may be called upon to respond to a judgment for damages or to an injunction are properly in the case"). These grounds do not support a finding that Harris has acted in bad faith.

Ericsson next asserts that Harris has acted in bad faith because it has not been diligent in asserting these claims against LME and ERS. Ericsson maintains that Harris could have sued LME and ERS in the Eastern District of Texas case, but chose not to do so. Ericsson posits that this delay indicates Harris' bad faith. A party's delay in asserting a claim is grounds for denying leave to amend only if the delay is unreasonable. *See Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139-40 (5th Cir. 1993). A delay rises to the level of unreasonableness if *inter alia* the party failed to assert the claim for an extended amount of time after learning of facts supporting the claim. *See In re Southmark Corp.*, 88 F.3d 311, 316 (5th Cir. 1996). There is no indication, however, that Harris knew of the facts that supported its third-party claims well before it filed the instant motion. Although information that indicates that LME and ERS manufacture mobile telecommunications products has been publicly available for several years, Ericsson has not presented any evidence that shows that Harris knew of grounds to sue them. The evidence that Ericsson has adduced therefore fails to demonstrate that Harris unduly delayed filing these claims against LME and ERS.

Ericsson finally contends that Harris' amendment is futile because the third-party claims fail to allege adequately an infringement cause of action. A court can deny leave to amend when the amendment would be futile. *Southmark Corp.*, 88 F.3d 311, 314-15. Harris' amended pleading, however, would provide LME and ERS with adequate notice of the claims that Harris asserts. The proposed third-party claims state the general basis for Harris' recovery—that LME and ERS have

infringed and continue to infringe the Patents. *See* D. Ex. B at 5, 6, 7, 8. The third-party claims set out the alleged manner of infringement ("direct, contributory, and/or by inducement") and the conduct of LME and ERS that allegedly infringes and continues to infringe the Patents ("by making, using, offering to sell, and/or selling in this District and elsewhere in the United States, without authorization, electronic devices and products containing electronic devices that embody the inventions claimed" in the Patents). *See id.* Harris has alleged claims that are adequate to withstand a finding of futility. Any further analysis of the adequacy of the pleadings or the merits of the third-party claims is better resolved in the context of a Rule 12(b)(6) or 56 motion.

Accordingly, the court grants Harris leave to amend its answer to assert third-party claims against LME and ERS. Harris must file an original, signed copy of the amended answer that conforms to this memorandum opinion and order.

IV

Now that the court has permitted Harris to assert counterclaims against Ericsson and third-party claims against LME and ERS, Harris moves to realign the parties.

It is well settled that the "[a]lignment of the parties lies in the sound discretion of the court." *Lloyd v. Pendleton Land & Exploration, Inc.*, 22 F.3d 623, 625 (5th Cir. 1994). It is elemental that the party who files a lawsuit is designated as the plaintiff. This designation is based on the party's burden to prove the claims initially asserted in the lawsuit. A court normally will not realign the parties from their original designations unless the plaintiff no longer retains the burden to prove at least one of its claims or if subsequent events in the case significantly shift the ultimate burden of proof from the plaintiff to the defendant.

Ericsson filed this lawsuit on December 10, 1998. It seeks a declaratory judgment of non-infringement and patent invalidity. As the party seeking this judicial declaration, Ericsson has the burden of proof. *See Litton Sys., Inc. v. VHC, Inc.*, 1998 WL 386164, at *1 (N.D. Tex. July 8, 1998) (Solis, J.). Merely because Harris is now asserting infringement counterclaims does not remove the burden of proof from Ericsson on its declaratory judgment claim. If Harris fails to succeed on its counterclaims, Ericsson will not automatically be entitled to a declaratory judgment; it must still prove its claim by a preponderance of the evidence. Because Ericsson maintains the burden of proving this cause of action—the one originally asserted in the instant case—Ericsson is properly aligned as the plaintiff. Nor does the court find that subsequent events in the case have significantly shifted the ultimate burden of proof from Ericsson to Harris.

Harris contends that it is the proper plaintiff because it originally filed its counterclaims against Ericsson as claims in the suit transferred here from Virginia. The court disagrees. Although these counterclaims were the basis for the earlier-filed case, Harris voluntarily dismissed that suit. Harris purportedly sought the dismissal so that it could assert the claims as counterclaims in the Eastern District of Texas. Harris' apparent willingness to assert these causes of action as counterclaims in another case, coupled with the Eastern District of Texas' finding that Harris engaged in inequitable conduct when it voluntarily dismissed the suit in this forum, support this court's refusal to realign Harris as the plaintiff in this case.

The court therefore denies Harris' motion to realign the parties.

* * *

The court grants Harris' motion for leave to amend its answer to assert counterclaims and third-party claims. The court denies Harris' motion to realign the parties.

**SO ORDERED.**

August __10__, 1999.

*[signature]*
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE