ORIGINAL

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

```
U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

        FILED

      MAR - 5 2001

CLERK, U.S. DISTRICT COURT
By _____
           Deputy
```

| | |
|---|---|
| ERICSSON, INC. | § |
|       **Plaintiff-Counter-Defendant** | § |
| | § |
| v. | § |
| | § |
| HARRIS CORPORATION and HARRIS | § |
| CANADA, INC. | § |
|       **Defendants-Counter-Plaintiffs-** | § Civil Action No. 3-98-CV-2903-M |
|       **Third-Party Plaintiffs,** | § |
| | § |
| v. | § |
| | § |
| TELEFONAKTIEBOLAGET LM | § |
| ERICSSON and ERICSSON RADIO | § |
| SYSTEMS AB, | § |
|       **Third-Party Defendants** | § |
| | § |

## SPECIAL MASTER'S ORDER
## ON
## HARRIS' MOTION FOR PROTECTION
## WITH RESPECT TO DEPOSITIONS

Harris' Motion for Protection with Respect to Depositions was filed on January 4, 2001, and Ericsson's filed a response on January 24, 2001. The special master held a telephone hearing with the parties on Harris' Motion on February 16, 2001, and enters the following order with respect thereto:

1.    With respect to the deposition of Walter Bratic, Ericsson shall have one additional day of seven hours (as defined by FED. R. CIV. P. 30(d)(2)) to complete Mr. Bratic's deposition.

2.    With respect to the deposition of Michael Melton, Ericsson shall have two days of seven hours (as defined by FED. R. CIV. P. 30(d)(2)) to complete Mr. Melton's deposition.

3.      With respect to the deposition of all other outside retained experts, the parties shall have two days of seven hours (as defined by FED. R. CIV. P. 30(d)(2)) to complete each such expert deposition.

4.      If it appears to the parties that additional time is needed to complete these depositions, the parties shall meet and confer and attempt to reach an agreement on the additional time needed for completion.  If the parties are unable to reach an agreement, the parties shall contact the special master for resolution.

5.      All other relief sought in Harris' Motion is denied.

6.      Based on Harris' representation that it has produced Melton's files, as requested by Ericsson, Ericsson's counter-motion to compel is denied as MOOT.

SO ORDERED.

SIGNED _1st_ day of ~~February~~ March, 2001, at San Antonio, Texas.


_____
Gale R. Peterson
Special Master

343036.01

## CERTIFICATE OF SERVICE

I hereby certify that on the _1st_ day of ~~February~~ _March_, 2001, a true and correct copy of the above and foregoing **Special Master's Order on Harris' Motion for Protection with Respect to Depositions** was delivered via facsimile and regular mail, unless otherwise indicated, to the following parties:

Clerk
United States District Court
  for the Northern District of Texas
Earle Cabell Federal Bldg.
1100 Commerce Street
Dallas, TX 75242

*Via Regular Mail*

The Honorable Barbara M.G. Lynn
U.S. District Judge
Earle Cabell Federal Bldg.
1100 Commerce Street
Dallas, TX 75242

**FOR HARRIS**

Henry C. Bunsow, Esq.
Stuart L. Gasner, Esq.
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, CA 94111-1704

Brett C. Govett, Esq.
Dan D. Davidson, Esq.
Fulbright & Jaworski LLP
2200 Ross Avenue
Dallas, TX 75201

Denise M. DeMory, Esq.
Law Offices of Denise M. DeMory
191 Corona Street
San Francisco, CA 94127

**FOR ERICSSON**

Mike McKool, Jr., Esq.
Eric W. Buether, Esq.
McKool Smith, P.C.
300 Crescent Court, Suite 1500
Dallas, TX 75201

Frederick Michaud, Jr., Esq.
Burns, Doane, Swecker & Mathis, L.L.P.
1737 King Street, Suite 500
Alexandria, VA 22314

Gale R. Peterson, Special Master

343036.01