

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ERICSSON INC., | § | |
|     Plaintiff-Counterdefendant | § | |
| | § | |
| v. | § | |
| | § | |
| HARRIS CORPORATION and | § | |
| HARRIS CANADA, INC. | § | Civil Action No. 3-98CV2903-M |
|     Defendants-Counterplaintiffs- | § | |
|     Third-Party Plaintiffs, | § | |
| v. | § | |
| | § | |
| TELEFONAKTIEBOLAGET LM | § | |
| ERICSSON and ERICSSON RADIO | § | |
| SYSTEMS AB | § | |
|     Third-Party Defendants. | § | |

## THE HARRIS PARTIES' MOTION FOR LEAVE TO FILE AMENDED PLEADING

The Harris Parties move for leave to file an amended pleading pursuant to Rule 15 and in support would show the Court as follows:

1. On March 14, 2001, in response to a ruling of the Special Master, Ericsson filed its Third Amended Complaint, Request for Declaratory Judgment and Reply to the Harris Parties' Counterclaims.

2. The Harris Parties moved to dismiss the fraud claim stated in this March 14 pleading pursuant to Rule 12(b)(6). The Special Master entered a report and recommendation recommending that the Harris motion be denied, which Harris timely objected to.

3. On June 19, 2001, the Court overruled the Harris objection, approved the Special Master's report, and denied the Harris 12(b)(6) motion. At that time, the undersigned counsel was in heavy preparation for a trial which began in this Court one week later on June 26. That

trial lasted two weeks. An amended pleading was never filed during the period following the June 19th Order. Harris now moves to file the pleading that would have been filed at that time.

4. There are currently no deadlines in the case. All deadlines were indefinitely postponed at the July 17th hearing before the Court.

5. There is currently no trial setting in the case.

6. Harris' counsel only recently learned of this oversight and respectfully requests the opportunity to file the pleading that should have been filed following the June 19th Order.

7. In the amended pleading (in addition to responding to the Ericsson Third Amended Complaint), Harris is dropping one claim and two parties with respect to the '666 patent. In addition, Harris is adding two claims to the '732 patent (claims 2 and 6) and one claim on the '338 patent (claim 2) consistent with the October 10, 2000 Order Regarding Joint Status Report On Claim Management. (CCD #326). These claims were inadvertently omitted from the prior Harris pleading. This was pointed out during the summary judgment briefing. Harris never intended to forego these claims and is permitted to bring them pursuant to the October 10, 2000 Claim Management Order. All claims listed at page 17 of the October 10, 2000 Order have been heavily litigated, and there are expert reports and substantial briefing with respect to them.

8. Ericsson is in agreement with all of the amended pleading except for Harris adding the three new claims consistent with the Claim Management Order. Given the current status of the case, there is no prejudice to Ericsson in adding these claims. Unfortunately, Ericsson is attempting to take advantage of the fact that the counsel responsible for this was under extreme time constraints during the time to amend due to the Mark V trial. The Court already has ruled that claims may be added in response to a complaint in which an answer was

THE HARRIS PARTIES' MOTION FOR LEAVE TO FILE AMENDED PLEADING – Page 2
30099628.1

all that was necessary. The Ericsson fraud claim at issue was added in that manner. Harris sought leave and filed an amended pleading removing the '111 patent from the case. In response to that amended pleading, Ericsson not only filed an amended answer but also brought an affirmative claim for fraud. Harris objected that this was an improper attempt to amend, but the Special Master and the Court permitted the claim to be added in that fashion. At pages 26-27 of his March 9, 2001 Report and Recommendation on the Harris Motion to Strike this claim (CCD #454), the Special Master cited the Supreme Court decision of *Foman v. Davis*, 371 U.S. 178, 182 (1962):

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the other party by virtue of the amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be "freely given."

None of those reasons are at issue here. Without a doubt, Harris could have amended in June to add these three claims which have been at issue since the case began. Harris only requests the opportunity to do now what it was permitted to do by rule less than two months ago.

WHEREFORE, PREMISES CONSIDERED, Harris Corporation and Harris Canada, Inc. respectfully request leave to file their amended pleading contained in the Appendix to this motion. The Harris Parties request all such other relief to which they may be entitled.

Respectfully submitted,

By: _____
Brett C. Govett
State Bar No. 08235900
Counsel for Harris Corporation
and Harris Canada, Inc.

OF COUNSEL:
FULBRIGHT & JAWORSKI L.L.P.
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
Telephone: 214-855-8000
Facsimile: 214-855-8200

Henry C. Bunsow
KEKER & VAN NEST LLP
710 Sansome Street
San Francisco, California 94111-1704
Telephone: 415-391-5400
Facsimile: 415-397-7188

### CERTIFICATE OF CONFERENCE

On Friday, August 10, 2001, I conferred with Chris Joe, one of the Ericsson counsel about this motion for leave to see whether Ericsson would agree to it. I faxed him a copy of the pleading and later he left me a message that Ericsson was opposed to the addition of the three claims with respect to the '732 and '338 patents but did agree to the other changes. Since there is not total agreement, the matter is submitted to the Court for a determination..

_____
Brett C. Govett

### CERTIFICATE OF SERVICE

This document was served in compliance with Rule 5 of the Federal Rules of Civil Procedure on August 13, 2001.

_____
Brett C. Govett