

ORIGINAL

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **ERICSSON INC.,** | § | |
| **Plaintiff-Counterdefendant,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **HARRIS CORPORATION and** | § | |
| **HARRIS CANADA, INC.** | § | **Civil Action No. 3-98CV2903-M** |
| **Defendants-Counterplaintiffs-** | § | |
| **Third-Party Plaintiffs,** | § | |
| **v.** | § | |
| | § | |
| **TELEFONAKTIEBOLAGET LM** | § | |
| **ERICSSON and ERICSSON RADIO** | § | |
| **SYSTEMS AB** | § | |
| **Third-Party Defendants.** | § | |

## HARRIS' REPLY TO THE ERICSSON PARTIES' RESPONSE IN OPPOSITION TO THE HARRIS PARTIES' MOTION FOR LEAVE TO AMEND

Harris Corporation and Harris Canada, Inc. (collectively "Harris") hereby file their Reply to the Ericsson Parties' Response in Opposition to the Harris Parties' Motion for Leave to Amend.

The Ericsson Parties' Response raises a plethora of issues that they claim should preclude Harris from being granted leave to amend. Before engaging in a substantive response to Ericsson's various arguments, it is important to focus on the real issue at hand, which is no more complicated than whether Harris should be permitted to file an inadvertently late response to Ericsson's most recent amended pleading. Indeed, despite Ericsson's attempts to confuse the issues, the facts that ultimately gave rise to the need to file this motion are quite simple:

1.  In November 2000, Harris sought and was granted leave to amend its pleadings. Ericsson did not object to that motion (notwithstanding the fact that it was filed well after the deadline for filing amended pleadings had passed).

634

**HARRIS' REPLY TO THE ERICSSON PARTIES' RESPONSE IN OPPOSITION TO THE HARRIS**
**PARTIES' MOTION FOR LEAVE TO AMEND** – Page 1

2.  In response to Harris' amended pleading, Ericsson filed a responsive pleading, asserting for the first time its fraud claim. Harris moved to dismiss the fraud claim and Ericsson was granted leave to amend. Ericsson amended its pleading, and Harris again moved to dismiss. After the motion to dismiss was resolved, Ericsson filed its amended pleading. Harris' response to Ericsson's amended pleading was due on June 29, 2001. However, for the reasons explained in Harris' motion, Harris inadvertently missed that deadline.

3.  After discovering that the deadline had been missed, Harris' counsel requested that Ericsson agree to its late filing. As evidenced in its Response, Ericsson does not object to the late filing. Rather, Ericsson objects, in part, to the *substance* of Harris' responsive pleading. Ericsson's objection, however, is disingenuous at best given that Ericsson asserted its fraud claim without seeking leave to amend in response to Harris' November 2000 amended pleading.

Thus, it is Harris' position that this motion can and should be resolved simply with regard to the issue of whether the Court will accept the late filing to which Ericsson apparently has no objection. Harris believes that granting leave to file is appropriate for the reasons set forth in its opening brief. In an abundance of caution, however, Harris addresses the substantive issues raised in Ericsson's Response below.

I.   **Ericsson Has Been on Notice of Claims Sought to Be Asserted**

A.   Claim 2 of '338 Patent

Claim 2 of the '338 patent has been at issue in this litigation since at least as early as late 1999. The claim was briefed and argued at the *Markman* hearing. The claim has also been addressed in both Harris' and Ericsson's expert reports. Special Master Peterson's October 10, 2000 Order Regarding Joint Status Report on Claim Management further stated that claim 2 of the '338 patent should be tried. Indeed, as the Court is well aware, in March 2001 it conducted a

hearing on some *Markman* issues, and referred some of those issues to Special Master Peterson. Among those issues was claim 2 of the '338 patent.

Most significantly, however, Ericsson's claims of prejudice with regard to claim 2 of the '338 patent are disingenuous. As Ericsson repeatedly emphasizes in this case, it is at this time the "declaratory judgment" plaintiff. In its role as declaratory judgment plaintiff, Ericsson has repeatedly asserted that it intends to seek a declaration of invalidity and unenforceability with regard to claim 2 of the '338 patent. Indeed, it was at Ericsson's insistence that claim 2 of the '338 patent was included in the Special Master's October 10, 2000 Order Regarding Joint Status Report on Claim Management. Given Harris' understanding that this claim is and will continue to be at issue in this lawsuit,[1] there is and can be no prejudice to Ericsson through Harris' assertion infringement of claim 2.[2]

B.    Claims 2 and 6 of '732 Patent

As with claim 2 of the '338 patent, claims 2 and 6 of the '732 patent have been at issue in this lawsuit since at least as early as late 1999. These claims were briefed and argued at the *Markman* hearing, and have been addressed in both Harris' and Ericsson's expert reports. Additionally, Special Master Peterson's October 10, 2000 Order Regarding Joint Status Report on Claim Management stated that claims 2 and 6 of the '732 patent should be tried. Although not specifically raised in Harris' summary judgment motions, these claims were included in Harris' binding claim charts served in July 2001.

---

[1] For instance, in its binding claim charts served on July 6, 2001 – after summary judgment briefing was complete – Ericsson continued to include its claims of invalidity with regard to claim 2.

[2] Harris' good faith belief that claim 2 is and was still at issue is readily evidenced by Harris' inclusion of claim 2 in every version of its binding claim charts and by virtue of its request for summary judgment of infringement of claim 2 in the pending summary judgment motions. Ericsson fully responded to Harris' motion in this regard.

**HARRIS' REPLY TO THE ERICSSON PARTIES' RESPONSE IN OPPOSITION TO THE HARRIS PARTIES' MOTION FOR LEAVE TO AMEND** – Page 3
30116735

Additionally, like claim 2 of the '338 patent, Harris' counsel believed that claims 2 and 6 of the '732 patent were still fully at issue. It is particularly telling that although Harris' Second Amended Counterclaim filed on November 2, 2000 did not reference claims 2 and 6 of the '732 patent, those very claims were included in binding claim charts served the next day.

## II. Good Cause Exists to Allow Filing of Harris' Third Amended Counterclaims and Third Party Claims Despite Scheduling Order

Ericsson complains that Harris' Motion for Leave to Amend is untimely due to the scheduling order's December 1, 1999 deadline to file a motion to amend pleadings. That deadline fell twelve days before the *Markman* hearing commenced, two months and fourteen days before Judge Lynn's investiture, three months before the Special Master's initial report and recommendation on claim construction, and over a year before the claim construction was ultimately addressed by the Court. While the scheduling order does provide for such a deadline, good cause exists to allow Harris' requested amendment.[3] First, it must be noted that the focus of the FED. R. CIV. P. 16 "good cause" inquiry is on the moving party's diligence, or lack thereof, in seeking amendment. *Eckert Cold Storage, Inc. v. Behl*, 943 F. Supp. 1230, 1233 (E.D. Calif. 1996). Counsel for Harris had long been operating under the belief that infringement of claim 2 of the '338 patent and claims 2 and 6 of the '732 patent had been formally asserted by Harris. As explained in the preceding section, such a belief was not surprising in light of the inclusion of those claims in the *Markman* hearing and briefing, expert reports, and claim construction reports. Upon very recently discovering that Harris' Second Amended Counterclaims did not specifically reference claim 2 of the '338 patent and claims 2 and 6 of the '732 patent, counsel for Harris diligently, and in fact immediately, moved for leave

---

[3] Rule 16(b) provides that a scheduling order "shall not be modified except upon a showing of good cause and by leave of the district judge . . . ." Rigid adherence to a pretrial scheduling order, however, is not advisable. *SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1519 (10th Cir. 1990) (case cited by Ericsson).

to amend to add those claims. Second, good cause exists to allow the amendment because the claims concern the patents already in issue, the claims have been addressed by the parties' experts, and there is no trial setting in the case.[4] Third, Ericsson did not feel constrained by the December 1, 1999 scheduling order deadline in filing its fraud claim against Harris in its Reply, Answer and Counterclaims to the Harris Parties' Third [sic][5] Amended Counterclaims and Third-Party Claims on November 20, 2000, nearly a full year after the deadline. Fourth, on November 28, 2000 the Court granted Harris' Motion for Leave to File Second Amended Counterclaims without modifying the case scheduling order. Ericsson did not oppose that motion, thereby revealing its lack of genuine concern regarding compliance with the December 1, 1999 deadline to move to amend pleadings. Finally, Ericsson's lack of concern with this deadline is perhaps best evidenced by the fact that Ericsson did not oppose most of Harris' Motion for Leave to Amend, which entails Harris amending its answer to respond to Ericsson's fraud claim and dropping certain allegations of infringement concerning the '666 patent.

For the foregoing reasons, Harris respectfully submits that good cause exists under Rule 16 to allow the filing of Harris' Third Amended Counterclaims and Third Party Claims. Since good cause exists, the focus now turns to Rule 15(a).

III.    **Rule 15(a) is Biased in Favor of Harris' Motion for Leave to Amend**

FED. R. CIV. P. 15(a) dictates that motions to amend complaints be liberally granted absent a good reason to the contrary, allowing disputes to be resolved upon the merits rather than on the basis of procedural technicalities. *Assam v. Deer Park Spring Water, Inc.*, 163 F.R.D.

---

[4] A trial court would be "unwarranted in denying leave to amend" where trial is not imminent. *Chrysler Corp. v. Fedders Corp.*, 540 F. Supp. 706, 715-16 (S.D.N.Y. 1982) (case cited by Ericsson).

[5] This document should have been entitled Ericsson's Reply, Answer and Counterclaims to the Harris Parties' *Second* Amended Counterclaims and Third-Party Claims.

400, 404 (E.D.N.Y. 1995), citing *Foman v. Davis*, 371 U.S. 178 (1962).[6] Generally, then, all inferences are to be resolved in favor of granting a motion for leave to amend. *Griggs v. Pace American Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

A district court's denial of leave to amend under Rule 15(a) is reviewed for an abuse of discretion. *Stripling v. Jordan Production Co.*, 234 F.3d 863, 872 (5th Cir. 2000). The district court's discretion is limited, however, by Rule 15(a), which states that leave to amend must be "freely given when justice so requires." *Id.*, citing FED. R. CIV. P. 15(a).[7] "In the context of motions to amend pleadings, 'discretion' may be misleading, because FED. R. CIV. P. 15(a) 'evinces a bias in favor of granting leave to amend.'" *Id.* (internal citation omitted). "Unless there is a 'substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial.'" *Id.* (internal citation omitted).

Further, under the liberal amendment policy of Rule 15(a), a district court's denial of leave to amend pleadings is appropriate *only* in those limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated. *Roberson v. Hayti Police Dept.*, 241 F.3d 992, 995 (8th Cir. 2001) (emphasis added). These "limited circumstances" are not present here. Ericsson does not contend that the amendment sought by Harris is futile or the product of bad faith. The "undue delay" factor is trumped by the fact that Harris' counsel has always been under the impression that Harris was asserting claims 2 and 6 of the '732 patent, and the fact that Ericsson has been on notice of the assertion of these claims and claim 2 of the '338 patent since at least as early as late 1999. Further, delay alone is not a reason in and of itself to deny leave to amend;

---

[6] In fact, amendments to complaints are liberally allowed under the Federal Rules of Civil Procedure up to and even after trial, judgment, and appeal, in cases in which there is no harm to the defendant from the tardy amendment. *United States v. Security Pacific Business Credit, Inc.*, 956 F.2d 703, 707-08 (7th Cir. 1992).

[7] The United States Supreme Court has warned that "this mandate is to be heeded." *Foman*, 371 U.S. at 182.

the delay must have resulted in unfair prejudice to the party opposing amendment. *Id.* at 995 (internal citation omitted); *McCann*, 109 F.R.D. at 366. Accordingly, Harris will next address the only remaining issue – whether Ericsson will be unduly prejudiced by the amendment sought by Harris.

## IV. Ericsson Has Not Met and Cannot Meet its Burden of Showing Undue Prejudice Should Amendment Be Permitted

The central issue in motions for leave to amend pleadings is whether there is *undue* prejudice to the non-moving party. *Id.* at 365; *Lowrey v. Texas A&M Univ. System*, 117 F.3d 242, 246 (5th Cir. 1997). The burden of proof of prejudice is on the party opposing the amendment. *Roberson*, 241 F.3d at 995. As the *McCann* court observed:

> [N]early every amendment results in some prejudice to the non-moving party. New discovery and some delay inevitably follow when a party significantly supplements its pleadings.[8] The test in each case, then, must be whether *undue* prejudice would result. The district court, in exercising its discretion, must balance the general policy behind Rule 15 – that controversies should be decided on the merits – against the prejudice that would result from permitting a particular amendment. Only where the prejudice outweighs the moving party's right to have the case decided on the merits should the amendments be prohibited.

109 F.R.D. at 365.

In balancing these interests, a court is to inquire into the hardship to the moving party if leave to amend is denied, the reasons for the moving party failing to include the material to be added in the original pleading, and the injustice resulting to the party opposing the motion should it be granted. *Id.* These factors militate in favor of granting leave to amend. Harris will endure substantial hardship if its motion for leave is denied, as Harris' claims of infringement of claim 2 of the '338 patent and claims 2 and 6 of the '732 patent are compulsory counterclaims pursuant

---

[8] The amendment sought by Harris does not rise to the level of a "significant supplementation." Harris merely seeks to add claims of infringement of certain additional claims of patents already at issue.

to FED. R. CIV. P. 13(a), such that they might be considered waived if not asserted in this action.[9] Additionally, Harris did not fail to previously assert infringement of these patent claims; Ericsson has been on notice of these claims for quite some time.

The *McCann* court noted several examples of circumstances in which undue prejudice is generally found: (1) the motion comes on the eve of trial; (2) the amendment would cause undue delay in the final disposition of the case; (3) the amendment brings entirely new and separate claims, adds new parties, or at least entails more than an alternative claim or a change in the allegations of the complaint; (4) witnesses have become unavailable for examination and the memories of others may have dimmed; and (5) the amendment would require expensive and time-consuming new discovery.[10] 109 F.R.D. at 366-67 (internal citations omitted). None of those circumstances are present here. The fact that there is no trial setting and that all case deadlines have been indefinitely postponed renders the first two circumstances inapplicable. The third circumstance is not present, as Harris' proposed amendment merely relates to alternative claims of infringement of patents already at issue.[11] What courts are reluctant to do, understandably, is to change the entire orientation of a case at a late juncture. *See, e.g., McCann,* 109 F.R.D. at 368; *Assam,* 163 F.R.D. at 408. There is no such concern here. There is also no evidence to support the fourth circumstance, nor does Ericsson even raise the issue. As to the

---

[9] A trial court would be "unwarranted in denying leave to amend" if the pleader would lose its claim unless added to the present suit. *Chrysler Corp.,* 540 F. Supp. at 715-16 (case cited by Ericsson).
[10] "It is true that prejudice can result where a proposed amendment raises a new legal theory that would require the gathering and analysis of facts not already considered by the opposing party, but that basis for a finding of prejudice essentially applies where the amendment is offered shortly before or during trial." *Taylor v. Florida State Fair Authority,* 875 F. Supp. 812, 815 (M.D. Fla. 1995). Of course this is not the situation here, as no trial is even scheduled at this time.
[11] That a proposed amendment stems from the same basic transactions and factual allegations as contained in an original complaint weighs in favor of granting leave to amend. *See In re Wyoming Tight Sands Antitrust Cases,* 121 F.R.D. 682, 685 (D. Kan. 1986); *Assam,* 163 F.R.D. at 408; *Sierra Club v. Simkins Industries, Inc.,* 617 F. Supp. 1120, 1123 (D. Md. 1985) (justice and judicial economy mandate permitting plaintiff to amend its complaint in light of similarity of issues and parties). In fact, cases in which an abuse of discretion has been found generally involve amendments based on facts similar to the original complaint. *Bell v. Allstate Life Ins. Co.,* 160 F.3d 452, 454 (8th Cir. 1998).

**HARRIS' REPLY TO THE ERICSSON PARTIES' RESPONSE IN OPPOSITION TO THE HARRIS PARTIES' MOTION FOR LEAVE TO AMEND** – Page 8
30116735

fifth and final circumstance, there has already been discovery on claim 2 of the '338 patent and claims 2 and 6 of the '732 patent. Further, all of the expert witnesses have yet to be deposed in the case. Accordingly, no circumstances support a finding of undue prejudice to Ericsson.

Ericsson nevertheless claims that it would be prejudiced by the amendment sought by Harris because Ericsson has already filed and briefed motions for summary judgment on the '338 and '732 patents. Ericsson cannot meet its burden of demonstrating undue prejudice in this regard. First, a motion for summary judgment does not extinguish a plaintiff's right to amend a complaint. *Zaidi v. Ehrlich*, 732 F.2d 1218, 1220 (5th Cir. 1984). Second, underlying Ericsson's prejudice argument is the suggestion that its summary judgment motions are case-dispositive. This is not so. Ericsson has not moved for summary judgment on all of the claims at issue, nor, for that matter, has Harris. Accordingly, the case will continue regardless of the outcome of the parties' pending summary judgment motions. Third, Ericsson claims that it will be prejudiced by additional discovery to be conducted, including the supplementation of expert reports, if the amendment sought by Harris is permitted. This glosses over the fact that such "additional discovery" remains to be conducted in any event, as none of the parties' expert witnesses have been deposed yet. "An adverse party's burden of undertaking discovery does not outweigh the Federal Rules' policy of liberally granting these amendments, thereby enabling the parties to adjudicate disputes on their merits." *Assam*, 163 F.R.D. at 408 (internal citation omitted).[12] Finally, as to Ericsson's complaint that it may have to file additional motions for summary judgment if leave to amend is granted, the law provides that the burden of additional research,

---

[12] Courts "grant motions to amend even though a new issue is injected into the action and the non-moving party may require further discovery to enable the case to be brought to trial on its real merits rather than foreclosing issues due to procedural flaws." *Id.* at 408-09 (internal citation omitted).

without more, does not suffice to show the type of harm that would defeat the right to amend a complaint. *Smith v. Chrysler Corp.*, 938 F. Supp. 1406, 1414 (S.D. Ind. 1996).

As stated in *Intl. Bank v. Price Waterhouse & Co.*, 85 F.R.D. 140, 142 (S.D.N.Y. 1980): "[I]t is difficult to imagine an amendment to pleadings under Rule 15(a) that would *not* create some increased work to the opposing party. Nevertheless, such amendments are to be allowed 'freely.'" (Emphasis added).

## V. Conclusion

Harris therefore respectfully requests that its Motion for Leave to Amend be granted, and further requests all such other relief to which it may be entitled.

Respectfully submitted,

By: _____
Brett C. Govett
State Bar No. 08235900

COUNSEL FOR HARRIS CORPORATION
AND HARRIS CANADA, INC.

OF COUNSEL:

FULBRIGHT & JAWORSKI L.L.P.
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
Telephone: 214-855-8000
Facsimile: 214-855-8200

Henry C. Bunsow
KEKER & VAN NEST LLP
710 Sansome Street
San Francisco, California 94111-1704
Telephone: 415-391-5400
Facsimile: 415-397-7188

## CERTIFICATE OF SERVICE

This document was served in compliance with Rule 5 of the Federal Rules of Civil Procedure on September 19, 2001.

_____
Brett C. Govett