ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION



| | | |
|---|---|---|
| ERICSSON INC., | § | |
|     Plaintiff-Counterdefendant | § | |
| | § | |
| v. | § | |
| | § | |
| HARRIS CORPORATION and | § | |
| HARRIS CANADA, INC. | § | Civil Action No. 3-98CV2903-M |
|     Defendants-Counterplaintiffs- | § | |
|     Third-Party Plaintiffs, | § | |
| v. | § | |
| | § | |
| TELEFONAKTIEBOLAGET LM | § | |
| ERICSSON and ERICSSON RADIO | § | |
| SYSTEMS AB | § | |
|     Third-Party Defendants. | § | |

## HARRIS CORPORATION AND HARRIS CANADA, INC.'S FOURTH AMENDED ANSWER, THIRD AMENDED COUNTERCLAIMS, THIRD PARTY CLAIMS AND JURY DEMAND

Harris Corporation ("Harris") and Harris Canada, Inc. ("Harris Canada") file this Fourth Amended Answer, Third Amended Counterclaims, Third Party Claims and Jury Demand and, in support, show as follows:

### FOURTH AMENDED ANSWER

1.     Admitted.

2.     Admitted.

3.     Admitted.

4.     Admitted.

5.     Admitted.

6. Admitted.

7. Admitted.

8. Admitted, except it is denied that such facts are proper pursuant to Federal Rule of Civil Procedure 8.

9. Admitted, except it is denied that such facts are proper pursuant to Federal Rule of Civil Procedure 8.

10. Admitted, except it is denied that such facts are proper pursuant to Federal Rule of Civil Procedure 8.

11. Admitted, except it is denied that such facts are proper pursuant to Federal Rule of Civil Procedure 8.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied, except it is admitted that Harris and Harris Canada have licensed these patents to some of the largest cellular telephone manufacturers in the world including Nokia and NEC and that Harris placed the Ericsson entities on notice before the filing of any lawsuit.

40. Denied.

41. Denied.

42. Denied, except it is admitted that Ericsson purports to state a claim for declaratory relief.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Admitted.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied, except it is admitted that Harris placed Ericsson on notice of the '111 patent.

61. Denied.

62. Denied.

63. Denied, except it is admitted that Harris filed a patent infringement suit against Ericsson in Virginia in 1998.

64. Denied.

65. Denied.

66. Denied, except it is admitted that the interrogatory should be consulted for the stated information.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. (Including subparts (a) – (i)) Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Harris and Harris Canada deny the allegations contained in Ericsson Inc.'s Prayer for Relief except it is admitted that Ericsson Inc. purports to make a claim for relief.

84. Any allegation not admitted is hereby denied.

HARRIS CORPORATION AND HARRIS CANADA, INC.'S FOURTH AMENDED ANSWER,
THIRD AMENDED COUNTERCLAIMS, THIRD PARTY CLAIMS AND JURY DEMAND - PAGE 6
30121519.1/09902343

## AFFIRMATIVE DEFENSES

AD1. Plaintiff Ericsson has failed to state a claim upon which relief can be granted. Federal Rule of Civil Procedure 12(b)(6).

AD2. Ericsson comes to the Court with unclean hands.

## THIRD AMENDED COUNTERCLAIMS AND THIRD PARTY CLAIMS

Harris and Harris Canada hereby complain as follows, and in support thereof allege:

1. Harris is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business in Melbourne, Florida.

2. Harris Canada is a corporation organized and existing under the laws of Canada, having its principal place of business at 3 Hotel de Ville, Dullard-des-Ormeax, Quebec, Canada. Harris Canada, Inc. is a wholly owned subsidiary of Harris Corporation.

3. Ericsson Inc. ("Ericsson") is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business in Richardson, Texas.

4. Telefonaktiebolaget LM Ericsson ("LM Ericsson") is a corporation of Sweden, with its principal place of business in Stockholm, Sweden. LM Ericsson transacts business within this District.

5. Ericsson Radio Systems AB ("Ericsson AB") is a corporation of Sweden, with its principal place of business in Sweden. Ericsson AB transacts business within this district.

## JURISDICTION, VENUE AND NOTICE

6. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202 because this action arises under the patent laws of the United States, Title 35, United States Code.

7. This Court has personal jurisdiction over Ericsson under 28 U.S.C. § 1400(b) because it has conducted and continues to conduct business in this District, and it transacts significant business activity in the State of Texas, from which it derives substantial revenue. Venue is proper in this Court under 28 U.S.C. §§ 1391(b) and 1400.

8. This Court has personal jurisdiction over LM Ericsson under 28 U.S.C. § 1400(b) because it has conducted and continues to conduct business in this District, and it transacts significant business activity in the State of Texas, from which it derives substantial revenue. Venue is proper in this Court under 28 U.S.C. §§ 1391(b) and 1400.

9. This Court has personal jurisdiction over Ericsson AB under 28 U.S.C. § 1400(b) because it has conducted and continues to conduct business in this District, and it transacts significant business activity in the State of Texas, from which it derives substantial revenue. Venue is proper in this Court under 28 U.S.C. §§ 1391(b) and 1400.

10. Harris and Harris Canada have placed Ericsson, LM Ericsson and Ericsson AB on notice of their infringement of the patents in suit pursuant to 35 U.S.C. § 287.

## FACTUAL BACKGROUND

11. Harris Canada is the assignee of all rights, title and interest in and to U.S. Patent No. 5,428,666, entitled "AUTOMATIC NUMBER ASSIGNMENT MODULE SELECTION FOR MOBILE TELEPHONE" (the "'666 patent") and possesses all rights of recovery under the '666 patent.

12. Harris Corporation is the assignee of all rights, title and interest in and to U.S. Patent No. 4,599,732, entitled "TECHNIQUE FOR ACQUIRING TIMING AND FREQUENCY SYNCHRONIZATION FOR MODEM UTILIZING KNOWN (NON-DATA) SYMBOLS AS PART OF THEIR NORMAL TRANSMITTED DATA FORMAT" (the "'732 patent") and possesses all rights of recovery under the '732 patent.

13. Harris Corporation is the assignee of all rights, title and interest in and to U.S. Patent No. 4,365,338, entitled "TECHNIQUE FOR HIGH RATE DIGITAL TRANSMISSION OVER A DYNAMIC DISPERSIVE CHANNEL" (the "'338 patent") and possesses all rights of recovery under the '338 patent.

14. The '666, '732, and '338 patents (the "patents-in-suit") relate in general to communications systems and/or methods and more particularly to mobile radio and base station devices and/or methods.

15. Ericsson Inc. is in the business of designing, manufacturing and selling land-mobile radio equipment and base stations, and subscriber equipment for cellular mobile telephone systems.

16. LM Ericsson is in the business of designing, manufacturing and selling land-mobile radio equipment and subscriber equipment for cellular mobile telephone systems and selling such products in the United States.

17. Ericsson AB is in the business of designing and manufacturing base stations and mobile phones and selling such products into the United States.

## COUNT I
### Infringement of the '666 Patent

18. Harris Canada realleges and incorporates by reference paragraphs 1 through 18.

19. Ericsson has directly infringed and is continuing to infringe claim 15 of the '666 patent by making, using, offering to sell and/or selling in this District and elsewhere in the United States, without authorization, electronic devices and products containing electronic devices that embody the inventions claimed in the '666 patent. The electronic devices and products containing electronic devices that embody the inventions claimed in the '666 patent include, without limitation, Ericsson TDMA mobile phones and terminals, GSM mobile phones and terminals, AMPS mobile phones and terminals (except model number AH97), D-AMPS mobile phones and terminals and PCS-1900 mobile phones and terminals.

20. Alternatively, Ericsson has contributorily infringed and is continuing to contributorily infringe claim 15 of the '666 patent by supplying the hardware and/or software components required to operate automatic NAM selection in Ericsson phones. These hardware and/or software components are a material part of the invention and Ericsson intentionally made

or adapted them for use in infringing the '666 patent. These hardware and/or software components are not suitable for substantial non-infringing uses.

21. Alternatively, Ericsson has infringed claim 15 of the '666 patent by actively inducing its customers to practice the method claimed in claim 15 of the '666 patent by providing cellular phones with automatic NAM selection to its customers.

22. As a result of the infringement of the '666 patent by Ericsson, Harris Canada has suffered and will continue to suffer substantial damage and injury unless and until Ericsson is enjoined by this Court from continuing such infringement. The damage caused by Ericsson is irreparable and cannot be adequately compensated for in money damages. Thus, Harris Canada is entitled to a preliminary and permanent injunction prohibiting Ericsson from infringing its rights in the '666 patent.

23. Harris Canada also is entitled to monetary damages in an amount not less than a reasonable royalty and to an award of treble damages (for willful infringement) and reasonable attorneys' fees pursuant to 35 U.S.C. §§284 and 285.

### COUNT II
### Infringement of the '732 Patent

24. Harris realleges and incorporates by reference paragraphs 1 through 18.

25. Ericsson has directly infringed and is continuing to infringe claims 1, 3, 7, 39 and 49 of the '732 patent by making, using, offering to sell and/or selling in this District and elsewhere in the United States, without authorization, electronic devices and products containing

electronic devices that embody the inventions claimed in the '732 patent. The electronic devices and products containing electronic devices that embody the inventions claimed in the '732 patent, include without limitation, Ericsson TDMA mobile phones and terminals, GSM mobile phones and terminals, D-AMPS mobile phones and terminals, PCS-1900 mobile phones and terminals and base stations.

26. LM Ericsson has directly infringed and is continuing to infringe claims 1, 3, 7, 39 and 49 of the '732 patent by making, using, offering to sell and/or selling in this District and elsewhere in the United States, without authorization, electronic devices and products containing electronic devices that embody the inventions claimed in the '732 patent. The electronic devices and products containing electronic devices that embody the inventions claimed in the '732 patent include, without limitation, Ericsson TDMA mobile phones and terminals, GSM mobile phones and terminals, D-AMPS mobile phones and terminals, PCS-1900 mobile phones and terminals and base stations.

27. Ericsson AB has directly infringed and is continuing to infringe claims 1, 3, 7, 39 and 49 of the '732 patent by making, using, offering to sell and/or selling in this District and elsewhere in the United States, without authorization, electronic devices and products containing electronic devices that embody the inventions claimed in the '732 patent. The electronic devices and products containing the electronic devices that embody the inventions claimed in the '732 patent include, without limitation, GSM mobile phones and terminals, PCS-1900 mobile phones

and terminals and base stations manufactured by Ericsson AB in Sweden and imported into and sold in the United States.

28. Alternatively, Ericsson AB has contributorily infringed and is continuing to contributorily infringe claims 1, 3, 7, 39 and 49 of the '732 patent by supplying to Ericsson the hardware and/or software components required to perform synchronization functions in Ericsson D-AMPS, TDMA, GSM and PCS-1900 mobile phones and base stations. These hardware and/or software components are a material part of the invention and Ericsson AB intentionally made or adapted them for use in infringing the patents. These hardware and/or software components are not suitable for non-infringement.

29. Alternatively, Ericsson and LM Ericsson have contributorily infringed and are continuing to contributorily infringe claims 1, 3, 7, 39 and 49 of the '732 patent by supplying to their customers the hardware and/or software components required to perform synchronization functions in Ericsson D-AMPS, TDMA, GSM and PCS-1900 mobile phones and base stations. These hardware and/or software components are a material part of the invention and Ericsson and LM Ericsson intentionally made or adapted them for use in infringing the patents. These hardware and/or software components are not suitable for non-infringement.

30. Alternatively, Ericsson, LM Ericcson and Ericsson AB have infringed the referenced claims of the '732 patent by actively inducing their customers to practice the referenced '732 claims by providing cellular phones and/or base stations with the synchronization techniques taught and claimed.

31. As a result of the infringement of the '732 patent by Ericsson, LM Ericsson and Ericsson AB, Harris has suffered and will continue to suffer substantial damage and injury unless and until Ericsson, LM Ericsson and Ericsson AB are enjoined by this Court from continuing such infringement. The damages caused by Ericsson, LM Ericsson and Ericsson AB are irreparable and cannot be adequately compensated for in money damages. Thus, Harris is entitled to a preliminary and permanent injunction prohibiting Ericsson, LM Ericsson and Ericsson AB from infringing Harris's rights in the '732 patent.

32. Harris also is entitled to monetary damages in an amount not less than a reasonable royalty and to an award of treble damages (for willful infringement) and reasonable attorneys' fees pursuant to 35 U.S.C. §§284 and 285.

## COUNT III
### Infringement of the '338 Patent

33. Harris realleges and incorporates by reference paragraphs 1 through 18.

34. Ericsson has directly infringed and is continuing to infringe claims 1, 2, 7, 33, 41, 43, 45 and 57 of the '338 patent by making, using, offering to sell and/or selling in this District and elsewhere in the United States, without authorization, electronic devices and products containing electronic devices that embody the inventions claimed in the '338 patent. The electronic devices and products containing electronic devices that embody the inventions claimed in the '338 patent include, without limitation, TDMA mobile phones and terminals, GSM mobile phones and terminals, D-AMPS mobile phones and terminals, PCS-1900 mobile phones and terminals and base stations.

35. LM Ericsson has directly infringed and is continuing to infringe claims 1, 2, 7, 33, 41, 43, 45 and 57 of the '338 patent by making, using, offering to sell and/or selling in this District and elsewhere in the United States, without authorization, electronic devices and products containing electronic devices that embody the inventions claimed in the '338 patent. The electronic devices and products containing electronic devices that embody the inventions claimed in the '338 patent include, without limitation, TDMA mobile phones and terminals, GSM mobile phones and terminals, D-AMPS mobile phones and terminals, PCS-1900 mobile phones and terminals and base stations.

36. Ericsson AB has directly infringed and is continuing to infringe claims 1, 2, 7, 33, 41, 43, 45 and 57 of the '338 patent by making, using, offering to sell and/or selling in this District and elsewhere in the United States, without authorization, electronic devices and products containing electronic devices that embody the inventions claimed in the '338 patent. The electronic devices and products containing the electronic devices that embody the inventions claimed in the '338 patent include, without limitation, GSM mobile phones and terminals, PCS 1900 mobile phones and terminals and base stations manufactured by Ericsson AB in Sweden and imported into and sold in the United States.

37. Alternatively, Ericsson AB has contributorily infringed and is continuing to contributorily infringe claims 1, 2, 7, 33, 41, 43, 45 and 57 of the '338 patent by supplying to Ericsson the hardware and/or software components required to perform equalization functions in Ericsson D-AMPS, TDMA, GSM and PCS-1900 mobile phones and base stations. These

hardware and/or software components are a material part of the invention and Ericsson AB intentionally made or adapted them for use in infringing the patents. These hardware and/or software components are not suitable for non-infringement.

38. Alternatively, Ericsson and LM Ericsson have contributorily infringed and are continuing to contributorily infringe claims 1, 2, 7, 33, 41, 43, 45 and 57 of the '338 patent by supplying to their customers the hardware and/or software components required to perform equalization functions in Ericsson D-AMPS, TDMA, GSM and PCS-1900 mobile phones and base stations. These hardware and/or software components are a material part of the invention and Ericsson and LM Ericsson intentionally made or adapted them for use in infringing the patents. These hardware and/or software components are not suitable for non-infringement.

39. Alternatively, Ericsson, LM Ericcson and Ericsson AB have infringed the referenced claims of the '338 patent by actively inducing their customers to practice the referenced '338 claims by providing cellular phones and/or base stations with the equalization techniques taught and claimed.

40. As a result of the infringement of the '338 patent by Ericsson, Harris has suffered and will continue to suffer substantial damage and injury unless and until Ericsson is enjoined by this Court from continuing such infringement. The damage caused by Ericsson is irreparable and cannot be adequately compensated for in money damages. Thus, Harris is entitled to a preliminary and permanent injunction prohibiting Ericsson from infringing Harris's rights in the '338 patent.

41. Harris also is entitled to monetary damages in an amount not less than a reasonable royalty and to an award of treble damages (for willful infringement) and reasonable attorneys' fees pursuant to 35 U.S.C. §§284 and 285.

## PRAYER FOR RELIEF

**WHEREFORE**, Harris Corporation and Harris Canada, Inc. respectfully request that the Court enter Judgment against Ericsson, Inc., Telefonaktiebolaget LM Ericsson and Ericsson Radio Systems AB as follows:

a. For a decree that Ericsson, Inc., Telefonaktiebolaget LM Ericsson and Ericsson Radio Systems AB have infringed United States Patent Nos. 5,428,666; 4,599,732; and 4,365,338 (the "patents-in-suit");

b. For a permanent injunction restraining Ericsson, Inc., Telefonaktiebolaget LM Ericsson and Ericsson Radio Systems AB and their officers, directors, agents, employees, representatives, servants, attorneys and all persons in active concert or participation with them from further acts of infringement of the patents-in-suit, pursuant to 35 U.S.C. § 283;

c. For an award of damages sufficient to compensate Harris Corporation and Harris Canada, Inc. for Ericsson, Inc., Telefonaktievolaget LM Ericsson and Ericsson Radio Systems AB's infringement of the patents-in-suit in an amount not less than a reasonable royalty, pursuant to 35 U.S.C. § 284;

d. For an award of treble the damages for willful infringement found by the jury or assessed by this Court, pursuant to 35 U.S.C. § 284;

e. For an award of prejudgment interest, pursuant to 35 U.S.C. § 284, from the date of each act of infringement of the patents-in-suit by Ericsson, Inc., Telefonaktievolaget LM Ericsson and Ericsson Radio Systems AB to the date a damages judgment is entered herein, and a further award of postjudgment interest, pursuant to 28 U.S.C. § 1961, continuing thereafter until such judgment is paid;

f. For an award of reasonable attorneys' fees against Ericsson, Inc., Telefonaktievolaget LM Ericsson and Ericsson Radio Systems AB pursuant to 35 U.S.C. § 285 and costs of suit against Ericsson, Inc., Telefonaktievolaget LM Ericsson and Ericsson Radio Systems AB pursuant to 35 U.S.C. § 284;

g. For a judgment dismissing with prejudice the claims filed by Ericsson, Inc.; and

h. For such other and further relief as this Court shall deem appropriate.

### JURY DEMAND

Harris Corporation and Harris Canada, Inc. hereby demand a trial by jury.

Dated: October 3, 2001.

Respectfully submitted,

By: *[signature]*
Brett C. Govett
State Bar No. 08235900
Counsel for Harris Corporation
and Harris Canada, Inc.

OF COUNSEL:
FULBRIGHT & JAWORSKI L.L.P.
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
Telephone: 214-855-8000
Facsimile: 214-855-8200

Robert S. Harrell
State Bar No. 09041350
FULBRIGHT & JAWORSKI L.L.P.
1301 McKinney, Suite 5100
Houston, Texas 77010
Telephone: 713-651-5151
Facsimile: 713-651-5246

Henry C. Bunsow
KEKER & VAN NEST LLP
710 Sansome Street
San Francisco, California 94111-1704
Telephone: 415-391-5400
Facsimile: 415-397-7188

## CERTIFICATE OF SERVICE

This document was served in compliance with Rule 5 of the Federal Rules of Civil Procedure on October 3, 2001.

_____
Brett C. Govett